# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 22, 2020

| | |
|---|---|
| * * * * * * * * * * * * | |
| TAYLOR E. PORTER, *natural mother* | * |
| *of decedent, and* KELVIN D. WOODS, | * |
| *natural father of decedent, A.W.*, | *   UNPUBLISHED |
| | * |
| Petitioners, | *   No. 18-132V |
| | * |
| v. | *   Special Master Dorsey |
| | * |
| SECRETARY OF HEALTH | *   Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * | |

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEY'S FEES AND COSTS[1]

On January 26, 2018, Taylor E. Porter and Kelvin D. Woods ("petitioners"), as natural parents of A.W., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that A.W. passed away as a result of the diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B, inactivated polio vaccine ("IPV"), haemophilus influenzae type B ("Hib"), pneumococcal conjugate ("PCV13"), and rotavirus vaccines A.W. received on May 24, 2017. Petition at Preamble (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On August 11, 2020, petitioners filed a motion for interim attorney's fees and costs, requesting compensation for the attorney who worked on their case. Petitioners' Motion for Interim Fees and Costs ("Pet. Mot."), dated Aug. 11, 2020 (ECF No. 52). Petitioners' request can be summarized as follows:

**Attorney's Fees** – $97,832.40
**Attorney's Costs** – $36,989.69
**Petitioners' Costs** – $2,000.00

Petitioners thus request a total of $136,822.09. Respondent filed his response on August 25, 2020, stating that he "defers to the Special Master as to whether petitioner[s] ha[ve] made a special showing to justify an award of interim attorneys' fees and costs" and that reasonable basis is met in this case. Respondent's Response to Pet. Mot. ("Resp. Response"), dated Aug. 25, 2020, at 3 n.2, 3-5 (ECF No. 53).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$136,822.09** in attorney's fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant expert fees to be paid.

### A.   Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioners request the following hourly rates for the attorney who worked on this matter:

**Ms. Gallagher – Attorney**
    2017: $363.00
    2018-2019: $400.00
    2020: $424.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney has previously been awarded for her Vaccine Program work. See, e.g., Cetlin-Salter v. Sec'y of Health & Hum. Servs., No. 16-792V, 2019 WL 4880164, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019) (awarding $363.00 per hour for work performed in 2017 and $400.00 per hour for work performed in 2018-2019); Fenster v. Sec'y of Health & Hum. Servs., No. 16-965V, 2020 WL 2499942, at *1 (Fed. Cl. Spec. Mstr. Apr. 16, 2020) (same); Polzin v. Sec'y of Health & Hum. Servs., No. 16-598V, 2020 WL 2499941, at *1 (Fed. Cl. Spec. Mstr. Apr. 20, 2020) (awarding $400.00 per hour for work performed in 2018 and 2019 and $424.00 per hour for work performed in 2020). The undersigned will therefore award the rates requested.

Petitioners' counsel requests compensation for 19.6 hours for 2017, 144.75 hours for 2018-2019, and 77.4 hours for 2020. Pet. Mot. at 3. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed. Thus, the undersigned will award them in full.

### B.   Attorney's Costs

#### 1.   Expert Fees

Petitioners request $3,500.00 for work performed by Dr. Douglas Miller, which was a total of 11 hours, billed at an hourly rate of $500.00, less the two $1,000.00 retainer fees already paid to Dr. Miller. Pet. Mot., Ex. D at 3.

The undersigned has previously found it reasonable to compensate Dr. Miller at this rate. See, e.g., Anklam v. Sec'y of Health & Hum. Servs., No. 17-2061V, 2020 WL 4049310, at *4 (Fed. Cl. Spec. Mstr. June 25, 2020); Mulroy v. Sec'y of Health & Hum. Servs., No. 15-1324V, 2017 WL 4585570, at *5 (Fed. Cl. Spec. Mstr. Sept. 19, 2017). The undersigned finds Dr. Miller's rate and time spent working on this case reasonable and compensates him in full.

Petitioners also request $28,700.00 for work performed by Dr. Steven Rostad, which was a total of 80.5 hours, billed at an hourly rate of $400.00, less the $2,000.00 retainer fee and $1,500.00 fee already paid to Dr. Rostad. Pet. Mot., Ex. D at 4-7.

The undersigned finds Dr. Rostad's rate of $400.00 reasonable based on his experience. See Pet. Ex. 18 at 1-2; Pet. Ex. 19. The undersigned also finds his time spent working on this case reasonable and compensates him in full.

#### 2.   Miscellaneous Costs

Petitioners request $4,789.69 to cover their attorney's other miscellaneous expenses, including a retainer fee, Fed Ex costs, the filing fee, and other expenses. Pet. Mot., Ex. B; Pet. Mot., Ex. D at 2. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

### C.   Petitioners' Costs

Petitioners request $2,000.00 to cover their expenses for a retainer fee to Dr. Rostad. Pet. Mot., Ex. C. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested Attorney's Fees: | $ 97,832.40 |
| Awarded Attorney's Fees: | $ 97,832.40 |
| | |
| Requested Attorney's Costs: | $ 36,989.69 |
| Awarded Attorney's Costs: | $ 36,989.69 |

4

| | |
|---|---|
| Requested Petitioners' Costs: | $ 2,000.00 |
| Awarded Petitioners' Costs: | $ 2,000.00 |
| **Total Interim Attorney's Fees and Costs:** | **$ 136,822.09** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $134,822.09, representing reimbursement for reasonable interim attorney's fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Ms. Carol Gallagher.**

**(2) A lump sum in the amount of $2,000.00, representing reimbursement for reasonable costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.