# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 7, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| TAYLOR E. PORTER, *natural mother* | * | |
| *of decedent, and* KELVIN D. WOODS, | * | |
| *natural father of decedent, A.W.*, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 18-132V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Diphtheria- |
| AND HUMAN SERVICES, | * | Tetanus-Acellular Pertussis ("DTaP") |
| | * | Vaccine; Hepatitis B; Inactivated Polio |
| Respondent. | * | Vaccine ("IPV"); Haemophilus Influenzae |
| | * | Type B ("Hib"); Pneumococcal Conjugate |
| | * | ("PCV13"); Rotavirus Vaccine; Death. |
| * * * * * * * * * * * * * * * * * * | | |

<u>Carol L. Gallagher</u>, Carol L. Gallagher, Esquire, LLC, Somers Point, NJ, for petitioner.
<u>Mitchell Jones</u>, US Department of Justice, Washington, DC, for respondent.

## **DECISION BASED ON STIPULATION**[1]

On January 26, 2018, Taylor E. Porter and Kelvin D. Woods ("petitioners"), as natural parents of A.W., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that A.W. passed away as a result of the diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B, inactivated polio vaccine ("IPV"), haemophilus influenzae type B ("Hib"), pneumococcal

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

conjugate ("PCV13"), and rotavirus vaccines A.W. received on May 24, 2017. Petition at Preamble (ECF No. 1).

On December 7, 2021, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 85). Respondent denies the vaccines caused A.W. any injury or her death. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**(1) A lump sum of $75,000.00 in the form of a check payable to petitioners, as legal representatives of the estate of A.W.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                                                          **s/Nora B. Dorsey**
                                                                                          Nora B. Dorsey
                                                                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TAYLOR E. PORTER, natural mother of decedent, and KELVIN D. WOODS, natural father of decedent, A.W., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-132V <br> Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Taylor E. Porter and Kelvin D. Woods ("petitioners"), on behalf of their minor child, A.W., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to A.W.'s receipt of the diphtheria, tetanus, and acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio ("IPV"), haemophilus influenza ("Hib"), pneumococcal conjugate ("PCV"), and rotavirus vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. A.W. received the DTaP, Hep B, IPV, Hib, PCV, and rotavirus vaccines on May 24, 2017.

3. The vaccinations were administered within the United States.

4. Petitioners allege that A.W.'s death was caused by receipt of the vaccinations.

...

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on A.W.'s behalf as a result of any alleged injuries or her death.

6. Respondent denies that the vaccines caused A.W. any injury or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$75,000.00** in the form of a check payable to petitioners, as legal representatives of the estate of A.W. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that

they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represents that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of A.W.'s estate under the laws of the State of Iowa.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities as natural mother and father of A.W., on their own behalf and on behalf of A.W.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.W. resulting from, or alleged to have resulted from, the DTaP, Hep B, IPV, Hib, PCV, and rotavirus vaccines administered on May 24, 2017, as alleged by petitioners in a petition for vaccine compensation filed on or about January 26, 2018, in the United States Court of Federal Claims as petition No. 18-132V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the DTaP, Hep B, IPV, Hib, PCV, and/or rotavirus vaccines caused A.W. any injury or her death.

17. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.W.'s estate.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*[signature: Taylor Porter]*
TAYLOR E. PORTER

PETITIONER:

*[signature: Kelvin Woods]*
KELVIN D. WOODS

ATTORNEY OF RECORD
FOR PETITIONERS:

*[signature: Sylvia Chin-Caplan]*
SYLVIA CHIN-CAPLAN
Law Office of Sylvia Chin-Caplan
53 State Street
Suite 500
Boston, MA 02109
Tel: (617) 419-7162

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature: Heather L. Pearlman]*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature: Dale Mishler, DHSc, for]*
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature: Mitchell H. Jones by Heather L Pearlman]*
MITCHELL H. JONES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-1748
Email: mitchell.jones@usdoj.gov

Dated: 12/07/2021

5